THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN E. RODRÍGUEZ, ETC., Defendant and Appellant.

No. 11,616. Argued December 2, 1946.—Decided February 19, 1947.

*Jorge Díaz Cruz* for appellant. *Luis Negrón Fernández (E. Campos del Toro,* former *Attorney General,* on the brief), and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The jury found the appellant guilty of the crime of rape committed on the person of Ramona Quiñones, an adult female. From the judgment sentencing him to one year's imprisonment, he has taken the present appeal. He assigns as error: (*a*) that the verdict is contrary to the evidence; (*b*) that no evidence was admitted as to the bad reputation of the prosecutrix; and (*c*) that the defendant was not given the benefit of the probatory sentence granted under Act No. 259 of April 3, 1946 (Laws of 1946, p. 534.)

In support of the first assignment, he alleges that the criminal act was not committed against the will of the alleged prosecutrix. To this effect the latter testified that on July 27, 1943, at about three o'clock in the afternoon, she was seated at the door of her house in the ward Algarrobos of Yauco; that the defendant arrived and offered some "bolipool" tickets and later put his arms around her and kissed her; that she went to the kitchen crying and that he followed her; that he grabbed her by the arm and took her to the room; that she offered resistance, but could not release herself; that when they got in the room he "cornered her on the bed" put his hand over her mouth and had sexual intercourse with her; that when he finished he went away and she stayed crying; that when her husband arrived she told him what had happened and he told her to file a complaint against

appellant. On cross-examination, she answered that she did not see appellant carrying any weapon and that he did not threaten her.

Let us examine the testimony of the prosecutrix in the light of § 255 of the Penal Code which provides:

"Section 255.—Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under any of the following circumstances:

"1. Where the female is under the age of fourteen year;

"2. Where she is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent;

"3. Where she is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, or by any intoxicating narcotic, or anaesthetic substance, administered by or with the privity of the accused;

"4. Where she resists, but her resistance is overcome by force or violence;

"5. Where she is at the time unconscious of the nature of the act, and this is known to the accused;

"6. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with the intent to induce such belief."

■ Pursuant to the above-copied Section, resistance on the part of the woman is an essential element of the crime. In the absence of such resistance, it is understood that the act was committed with her consent. [2] A mere refusal to consent is not sufficient. The resistance must be real and to such a degree that it may be overcome only by force or violence unless the woman should be prevented from resist-, ing by reason of threats of great and immediate bodily harm, *accompanied by apparent power of execution. People v. Román, 5 P.R.R. 8.*

■■ The prosecutrix herself testified, as we have seen, that she did not see the defendant carrying a weapon and that he did not threaten her. It is true that she testified that when he took her by the arm, she tried to escape, but

this attitude on her part and the fact that the defendant cornered her on the bed and put his hand over her mouth do not reveal the degree of resistance required by subdivision 4 of § 255.

But this is not all. The husband of the prosecutrix, upon being cross-examined by the defense, admitted that he, his wife, the defendant, the latter's brother, and another person rode in the same car to the district attorney's office; that he asked the latter and the district judge to dismiss the complaint, but the district attorney refused; that his wife wanted the case dismissed. This attitude of the prosecutrix, approved by the husband, who should have been offended in an equal degree as she, is not consistent with the attitude generally assumed by a raped woman and a humiliated husband.

The evidence of the defense in no way helped to sustain the conviction. On the contrary, it tended to prove that the prosecutrix frequently visited the back-room in defendant's store where he kept a bed and that after she entered the room the door and window of the back-room were closed for some time and later opened again.

In our opinion, the resistance which constitutes an essential element of the crime of rape was not proved and, therefore, the verdict of the jury is erroneous. The judgment must be reversed and the defendant discharged.